1  **WO**

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  See More Light Investments,      )   No. CV-08-0580-PHX-LOA
                                     )
10          Plaintiff,               )   **NOTICE OF ASSIGNMENT**
                                     )    **AND ORDER**
11  vs.                              )
                                     )
12  Morgan Stanley DW Inc.,          )
                                     )
13          Defendant.               )
    _____)

14

15          Pursuant to Local Rule ("LRCiv") 3.8(a), Rules of Practice, effective

16  December 1, 2007, all civil cases are, and will be, randomly assigned to a U.S. district

17  judge or to a U.S. magistrate judge. This matter has been assigned to the undersigned U.S.

18  Magistrate Judge.

19          After review of the *pro se* Petition and some of its attached exhibits, a

20  number of issues will be addressed herein.

21  **A. Voluntary Consent to Magistrate Judge Jurisdiction**

22          As a result of the aforesaid Local Rule and assignment, if all parties consent

23  in writing, the case will remain with the assigned Magistrate Judge pursuant to 28 U.S.C.

24  636(c)(1) for all purposes, including trial and final entry of judgment. If any party

25  chooses the district-judge option, the case will be randomly reassigned to a U.S. district

26  judge.  To either consent  to the assigned magistrate judge or to elect to have the case

27  heard before a district judge, the appropriate section of the form, entitled Consent To

28

Exercise Of Jurisdiction By United  States Magistrate Judge[1], must be completed, signed and filed. The party filing the case or removing it to this Court is responsible for serving all parties with the consent forms. Each party must file a completed consent form and certificate of service with the Clerk of the Court not later than 20 days after entry of appearance, and must serve a copy by mail or hand delivery upon all parties of record in the case.

Any party is free to withhold consent to magistrate judge jurisdiction without adverse consequences.  28 U.S.C. 636(c)(2); Rule 73(b), Fed.R.Civ.P.; *Anderson v. Woodcreek Venture Ltd.*, 351 F.3d 911, 913-14 (9th Cir. 2003) (pointing out that consent is the "touchstone of magistrate judge jurisdiction" under 28 U.S.C. §636(c).  "A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge."   *Dixon v. Ylst*, 990 F.2d 478, 479 (9th Cir. 1993) (citing *Pacemaker Diagnostic Clinic of Am. Inc. v. Instromedix, Inc.*, 725 F.2d 537, 541 (9th Cir. 1984) (*en banc*)).

Plaintiff shall have until on or before **Friday**, **April 18, 2008** within which to make his selection to either consent to magistrate judge jurisdiction or elect to proceed before a United States district judge.  A copy of the appropriate consent form mailed  to Plaintiff on March 27, 2008 by the Clerk's office to be served with the Petition per the written instructions from the Clerk.

**B. Jurisdiction**

A review of the Court's file indicates that on March 26, 2008,  Dr. Seymour Licht, on behalf of Plaintiff, filed a 56-page document entitled, "Motion that the District Court Issue an Order Vacating the Arbitrators (sic) Order Denying His Claim

---

[1]The consent/election form was mailed directly from the Clerk of the Court to Plaintiff.  A copy may also be obtained from the District of Arizona's website at www.azd.uscourts.gov.  To find the consent/election form on the District's web site, click on "Local Rules" at the top of the page, then click on "Forms" on the left side of the page and then click on and print the appropriate form.

1   Issued on February 4th, 2008," containing 171 pages of unnumbered or unlettered

2   exhibits. (docket #1)   Included in the exhibits are pages of a specific Code of Federal

3   Regulations. (*Id*., Exhibit ("Exh") 2 pp. 6 - 13)  The Court deems Plaintiff's 56-page

4   document a petition to vacate denial of arbitration award pursuant to, presumably, the

5   parties' FINRA[2] Agreement and the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.  A.G.*

6   *Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1404 (9th Cir. 1992) (per curiam)

7   (ordering the arbitration award confirmed, and awarding the prevailing party "attorneys'

8   fees in accordance with the agreements between the parties").

9              It is well-established that even when a petition is brought under the Federal

10   Arbitration Act, a petitioner seeking to confirm or vacate an arbitration award in federal

11   court must establish an independent basis for federal jurisdiction. *Carter v. Health Net of*

12   *Cal., Inc*., 374 F.3d 830, 838 (9th Cir. 2004) (citing *Southland Corp. v. Keating*, 465 U.S.

13   1, 15 n. 9, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984) (noting that "[w]hile the Federal

14   Arbitration Act creates federal substantive law requiring the parties to honor arbitration

15   agreements, it does not create any independent federal-question jurisdiction"); *Garrett v.*

16   *Merrill Lynch, Pierce, Fenner & Smith, Inc*., 7 F.3d 882, 883-84 (9th Cir. 1993)

17   (discussing Supreme Court cases and collecting Ninth Circuit precedent and cases from

18   other circuits applying this jurisdictional principle).

19              A federal district court is a court of limited jurisdiction, and the burden of

20   establishing jurisdiction is on the party claiming jurisdiction. *McNutt v. General Motors*

21   *Acceptance Corp*., 298 U.S. 178, 182-183 (1936). "A federal court is presumed to lack

22   jurisdiction in a particular case unless the contrary affirmatively appears." *Stevedoring*

23   *Servs. of Am., Inc. v. Eggert*, 953 F.2d 552, 554 (9th Cir.1992) (quoting *Stock West, Inc.*

24

25              [2] In July 2007, the National Association of Securities Dealers ("NASD") became
26   known as Financial Industry Regulatory Authority or "FINRA."  *Herbert J. Sims & Co., Inc.*
    *v. Roven*, 2008 WL 686591, n. 1 (N.D. Cal. 2008); *Martin v. Scott & Stringfellow, Inc*., 2008
27   WL 706507 n. 1 (E.D. Va. 2008).

28

1   *v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir.1989)). "A [district] court has an

2   obligation to inquire *sua sponte* into its subject matter jurisdiction, and to proceed no

3   further if such jurisdiction is wanting." *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 665

4   (9th Cir. 2003*)*.

5               As discussed below, Plaintiff will be required to timely file an Amended

6   Petition to Vacate Denial of Arbitration Award which shall set forth an independent basis

7   for federal jurisdiction of Plaintiff's case.[3]  Plaintiff is forewarned that failure to allege an

8   independent basis for federal jurisdiction of this case may result in the dismissal of it.

9   Rule 12(h)(3), FED.R. CIV.P. ("If the court determines at any time that it lacks

10  subject-matter jurisdiction, the court must dismiss the action.").

11  **C. Compliance with Rule 8(a), FED.R.CIV.P.**

12              Federal Rule 8(a) of the Federal Rules of Civil Procedure provides  in

13  pertinent part:

14                      Claims for Relief. A pleading that states a claim for relief must
                        contain:
15
                        (1) a **short and plain statement** of the grounds for the court's
16                      jurisdiction, unless the court already has jurisdiction and the claim
                        needs no new jurisdictional support;
17
                        (2) a **short and plain statement** of the claim showing that the
18                      pleader is entitled to relief; and

19

20  ――――――――――――――――――

21  [3] If jurisdiction is based on diversity of citizenship, the Amended Petition shall include
    a statement of the citizenship of every party and a description of the amount in dispute.  28
22  U.S.C. §1332.  Plaintiff is informed that (1) a corporation is a citizen of the state where it is
    incorporated and the state of its principle place of business and (2) partnerships and limited
23  liability companies are citizens of every state in which one of their members or partners
    resides.  28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir.
24  1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th
    Cir. 2003). "Diversity jurisdiction is based on *citizenship*, not residency." *Kalinowski v.*
25  *Davol, Inc*., 2006 WL 2615894 * 2 (D. Ariz. 2006) (emphasis in original). "To be a citizen
    of a particular state, a natural person must both be a citizen of the United States and be
26  domiciled within that state." *Id*. (citing *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S.
    826, 828 (1989)).
27

28

1            (3) a demand for the relief sought, which may include relief in the
2    alternative or different types of relief.
Rule 8(a), FED.R.CIV.P. (emphasis added).

3           Even though *pro se* pleadings are held "to less stringent standards than

4    formal pleadings drafted by lawyers," *pro se* litigants must become familiar, and comply,

5    with the Rules of Civil Procedure ("FED.R.CIV.P.") and the Local Rules of Practice for

6    the District Court for the District of Arizona ("LRCiv"). *Carter v. Commissioner of*

7    *Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986); *King v. Atiyeh*, 814 F.2d 565, 567

8    (9th Cir. 1987). Litigants proceeding *pro se* "must meet certain minimal standards of

9    pleading." *Holsey v Collins*, 90 F.R.D. 122, 128 (D. Maryland, 1981). "A complaint [or

10   petition] that . . . fails to plainly and concisely state the claims asserted and fails to give

11   the dates and places of the alleged events of which the plaintiff complains, falls short of

12   the liberal and minimal standards set out in  Rule 8(a)." *Walton v Shanelec*, 19 F. Supp.

13   2d 1209, 1210 (D. Kansas 1998).

14          Plaintiff's 56-page, pro se-Petition grossly fails to comply with Fed. R. Civ.

15   P. 8(a) because it is clearly not a "short and plain statement" of Plaintiff's claims

16   supported by brief, material facts as required.  Because of its sheer mass, it is extremely

17   difficult to read and comprehend the petition. The extremely large and varying font sizes

18   should be reduced to a uniform font "no smaller than 13 point," LRCiv 7.1(b)(1), and the

19   Amended Petition, consistent with LRCiv 7.2(g), should be limited, if possible, to no

20   more than 17 pages. Plaintiff will be ordered to file an Amended Petition to Vacate

21   Denial of Arbitration Award that complies in all aspects with this Order, Rule 8(a),

22   FED.R.CIV.P., and Local Rules of Practice or this lawsuit may be dismissed without

23   prejudice for failing to comply with court orders. *Ferdik v. Bonzelet*, 963 F.2d 1258,

24   1260 (9th Cir. 1992) (trial courts have the inherent power to control their dockets and in

25   the exercise of that power they may impose sanctions including, where appropriate,

26   dismissal of a case).

27   *///*

28   *///*

**D. Pro se Representation**

Since Dr. Seymour Licht is *pro se* and, therefore, is representing his own interests in Plaintiff, the Court expressly advises him that the United States Supreme Court has made clear that federal "judges have no obligation to act as counsel or paralegal to pro se litigants" because requiring trial judges to explain the details of federal procedure or act as the *pro se's* counsel "would undermine [federal] judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 226-227 (2004). "A [*pro se* litigant] does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure" and that "the Constitution [does not] require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course." *Id*. (citing *Martinez v. Court of Appeal of Cal., Fourth Appellate Dist*., 528 U.S. 152,  162  (2000)).

It is unknown if  Dr. Seymour Licht is a lawyer and whether there are any other partners in the Plaintiff See More Light Investments. While a natural person can always appear *pro per*, a non-lawyer may not represent other persons, partners or, with a few minor exception not applicable herein, a corporation, an entity unto itself quite separate from its owners and officers. *Boydston v. Strole Development Co*., 193 Ariz. 47, 50, 969 P.2d 653, 656 (Ariz. 1998).[4]  "Except as herein otherwise provided, only members of the bar of this Court shall practice in this District." LRCiv 83.1(b).  Dr. Licht will be permitted to represent only himself unless he fully meets the Local Rules' requirements. If not represented by counsel in the Amended Petition, Dr. Licht shall explain his relationship to Plaintiff in the Amended Petition and any other persons and entity having a financial interest, if any, in Plaintiff  See More Light Investments.

Accordingly,

---

[4] Under Rule 31, Ariz. R. Sup.Ct., corporate officers may, for example, represent corporations in justice courts, small claims proceedings, the general stream adjudication, before the department of environmental quality, and in other special proceedings. *Boydston*, 193 Ariz. at 50 , 969 P.2d at 656

1   **IT IS ORDERED** that Plaintiff shall file on or before **Friday, April 18,**
2   **2008** his  written election  to either consent to magistrate judge jurisdiction or elect to
3   proceed before a United States district judge.

4   **IT IS FURTHER ORDERED** that Plaintiff shall serve upon the
5   Defendant the appropriate consent form provided at or near the time of the filing of his
6   petition.

7   **IT IS FURTHER ORDERED** that Defendant shall either consent to
8   magistrate judge jurisdiction or elect to proceed before a district judge within twenty (20)
9   days of Defendant's formal appearance herein.

10  **IT IS FURTHER ORDERED** that Plaintiff shall file an Amended Petition
11  to Vacate Denial of Arbitration Award on or before **Friday, April 18, 2008** that complies
12  in all aspects with this Order, Rule 8(a), FED.R.CIV.P., and Local Rules of Practice or this
13  lawsuit may be dismissed without prejudice. No exhibits shall be attached to the
14  Amended Petition as numerous exhibits have already been filed herein.  Exhibits may
15  filed with dispositive motions pursuant to Rule 56, FED.R.CIV.P.

16  **IT IS FURTHER ORDERED** that counsel and any party, if
17  unrepresented, shall hereinafter comply with the Rules of Practice for the United States
18  District Court for the District of Arizona, as amended on December 1, 2007.   The
19  District's Rules of Practice may be found on the District Court's internet web page at
20  www.azd.uscourts.gov/.  All other rules may be found as www.uscourts.gov/rules/.  The

21

22

23

24

25

26  / / /
27  / / /
28  / / /

1  fact that a party is acting *pro se* does not discharge this party's duties to "abide by the

2  rules of the court in which he litigates."  *Carter*, 784 F.2d at 1008.

3          **IT IS FURTHER ORDERED** that counsel and any party, if

4  unrepresented, shall use the above caption, number and initials until further order of the

5  Court.

6          Dated this 31ˢᵗ day of March, 2008.

7

8                                  _____

9                                     Lawrence O. Anderson

                                  United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28