**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SEE MORE LIGHT INVESTMENTS,        Plaintiff,   vs.   MORGAN STANLEY DW INC.,        Defendant. | No. CV 08-580-PHX-MHM   **ORDER** |

Currently pending before the Court is Plaintiff See More Light Investments' ("Plaintiff") first amended petition to vacate denial of arbitration award (Dkt. #9); Defendant Morgan Stanley DW Inc.'s ("Defendant") motion to strike Plaintiff's amended motion or in the alternative for a more definite statement (Dkt. #11); and Plaintiff's motion to amend the case caption (Dkt. #15). After reviewing the pleadings, the Court issues the following order.

On March 26, 2008, Plaintiff filed a 56-page petition to vacate the denial of an arbitration award. (Dkt. #1). Magistrate Judge Lawrence O. Anderson issued an order on March 31, 2008, that among other things requiring Plaintiff to file an amended petition that complied in all aspects with Magistrate Judge Anderson's order, Rule 8(a) of the Federal Rules of Civil Procedure, and the Rules of Practice for the District of Arizona. (Dkt. #4). Plaintiff subsequently elected assignment of the case to a district judge, and the case was randomly assigned to the undersigned. (Dkt. #s 5, 6). However, the Court then issued a

minute order directing Plaintiff to comply with Magistrate Judge Anderson's March 31, 2008 order. (Dkt. #7).

On April 21, 2008, Plaintiff filed a 57-page amended petition to vacate the denial of an arbitration award. (Dkt. #9). Plaintiff's first amended petition again grossly fails to comply with Rule 8(a)'s requirements that Plaintiffs claims be supported by brief, material facts, i.e. a "short and plain statement." Plaintiff's petition again contains extremely large and varying font sizes; Plaintiff did not comply with Magistrate Judge Anderson's direction that the font of Plaintiff's petition should be reduced to a <u>uniform</u> font "no smaller than 13 pont," as specified in Local Rule 7.1(b)(1). (Dkt. #4, p.5). In addition, Plaintiff did not comply with Magistrate Judge Anderson's direction that the amended petition should be limited to approximately 17 pages in length. (Id.). Magistrate Judge Anderson stated clearly in his order that if Plaintiff did not comply with the Court's order, the Federal Rules of Civil Procedure, and the Court's Rules of Practice, then Plaintiff's case may be dismissed without prejudice. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992); see also LRCiv. 7.2(i).

However, in an abundance of caution, instead of dismissing Plaintiff's motion outright for failure to comply with the Court's orders, the Federal Rules of Civil Procedure, and the Local Rules of Practice, the Court will grant Plaintiff leave to file a second amended complaint. Plaintiff is again directed to comply with Magistrate Judge Anderson's March 31, 2008 order, as well as Rule 8(a)'s "short and plain statement" requirement and the Court's Local Rules of Civil Procedure, which are available on the Court's website, www.azd.uscourts.gov, under the link "Opinion / Orders / Rules," then "Local Rules," and then "Local Rules of Civil Procedure (2007-2008)." Plaintiff is specifically directed to Rules 7.1(b)(1) and 7.2(e) of the Court's Local Rules of Civil Procedure; Plaintiff is directed to use a uniform 13 size font, preferably Times New Roman. In addition, Plaintiff is directed to limit the use of text appearances, such a bold, underline, and caps.

The Court acknowledges that it is Plaintiff's position that everything contained in its 57-page amended petition is important and cannot be eliminated. However, Plaintiff must

1  abide by this Court's orders and the Federal Rules of Civil Procedure; a 57-page petition in
2  no way complies with Rule 8(a) of the Federal Rules of Civil Procedure or the Court's Local
3  Rules of Practice. Plaintiff must make selective choices in determining what facts to include
4  in its petition; if this action proceeds, then Plaintiff will have additional opportunity to argue
5  its position.   In addition, Plaintiff's second amended complaint should not contain any sort
6  of response to this order, such as that contained in Plaintiff's first amended complaint with
7  respect to Magistrate Judge Anderson's order.  Plaintiff's second amended petition must be
8  limited, if possible, to no more than seventeen (17) pages in length, and under no
9  circumstances may second amended petition exceed twenty-five (25) pages in length.

10

11  **Accordingly,**

12  **IT IS HEREBY ORDERED** that Defendant's motion to strike or alternatively for
13  a more definite statement is GRANTED.  (Dkt. #11).

14  **IT IS FURTHER ORDERED** that Plaintiff's first amended petition to vacate denial
15  of arbitration award (Dkt. #9) is dismissed without prejudice with leave to refile a second
16  amended petition in <u>full compliance</u> with Judge Anderson's March 31, 2008 order, Rule 8(a)
17  of the Federal Rules of Civil Procedures, and the Rules of Practice of the United States
18  District Court for the District of Arizona.  Plaintiff must file a second amended petition to
19  vacate denial of arbitration award that is no more than 25 pages in length on or before
20  Monday, July 28, 2008.  No exhibits may be attached to the second amended petition, as
21  numerous exhibits have already been filed; exhibits may be filed with dispositive motions
22  pursuant to Rule 56 of the Federal Rules of Civil Procedure.  If Plaintiff's second amended
23  petition does not comply in all aspects with this order, then this case will be subject to
24  dismissal without prejudice pursuant to LRCiv. 7.2(i) and Rule 41(a)(2) or Rule 41(b) of the
25  Federal Rules of Civil Procedure.

26  **IT IS FURTHER ORDERED** that Plaintiff is directed to file a reply to Defendant's
27  response (Dkt. #19, p.3, line 11, through p.4, line 6) to Plaintiff's motion to amend the case
28  caption (Dkt. #15) that Dr. Licht does not have standing to bring an action challenging the

1  underlying arbitration award under the Federal Arbitration Act because Dr. Licht was not a
2  party to the arbitration. Plaintiff must file its reply on or before July 28, 2008. The reply
3  must be filed separately from Plaintiff's second amended petition.
4       DATED this 20th day of June, 2008.

_____
Mary H. Murguia
United States District Judge