**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| SEE MORE LIGHT INVESTMENTS, ) | No. CV 08-580-PHX-MHM |
| ) Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) MORGAN STANLEY DW INC., ) | |
| ) Defendant. ) | |

Currently pending before the Court is Plaintiff See More Light Investments' ("Plaintiff") second amended petition to vacate denial of arbitration award (Dkt.#23); Defendant Morgan Stanley DW Inc.'s ("Defendant") motion to strike the second amended petition (Dkt.# 25), Plaintiff's motion to amend the case caption (Dkt.#15), and Plaintiff's "Motion for the Court to Consider Dispositive Evidence That the Chairperson, Commander Fearnow[,] Was Prejudice[d] and Biased Against Licht." (Dkt.#34) After reviewing the pleadings, the Court issues the following order.

**I.  Factual Background**

On March 26, 2008, Plaintiff filed a fifty-six-page petition to vacate the denial of an arbitration award. (Dkt.#1) Magistrate Judge Lawrence O. Anderson directed Plaintiff to file an amended petition that complied with Rule 8(a) of the Federal Rules of Civil Procedure and the Rules of Practice for the District of Arizona. (Dkt.#4) He also pointed out that

"[w]hile a natural person can always appear *pro per*, a non-lawyer may not represent other persons, partners, or with a few minor exception[s] not applicable herein, a corporation." (Dkt.#4 at 6)  Magistrate Judge Anderson cited *Boydston v. Strole Development Co.*, 193 Ariz. 47, 50, 969 P.2d 653, 656 (Ariz. 1998) and Local Rule 83.1(b) ("Except as herein otherwise provided, only members of the bar of this Court shall practice in this District."), and explained that "Dr. Licht will be permitted to represent only himself unless he fully meets the Local Rules' requirements."  (Dkt.#4 at 6)

After the case was randomly assigned to this Court, (Dkt.#s 5,6), Plaintiff was ordered to comply with Magistrate Judge Anderson's order.  (Dkt.#7)  However, Plaintiff's first amended petition failed to comply with several requirements of the Federal Rules of Civil Procedure, the Local Rules, this Court's prior order, and Magistrate Judge Anderson's order. (Dkt.#9)  For example, instead of being a "short and plain statement" of material facts in accordance with Rule 8(a), the petition was fifty-seven pages long.  (Dkt.#9, 20)  It also contained extremely large and varying font sizes.  (Dkt.#9, 20)  The Court pointed out these deficiencies, dismissed the first amended petition without prejudice, and granted leave for Plaintiff to refile a second amended petition.  (Dkt.# 20)  The Court also directed Dr. Licht to explain why he had standing to bring this action notwithstanding the fact that he was not a party to the underlying arbitration and repeated Judge Anderson's warning that if Plaintiff did not comply with the Court's order, the Federal Rules of Civil Procedure and the Court's Rules of Practice, the case could be dismissed.  (Dkt.#20 at 2)

Thus, in his third attempt to comply with the rules, on July 26, 2008, Dr. Licht filed a second amended petition entitled "Dr. Seymour Licht's, Plaintiff, Second Amended Petition That the District Court Issue an Order Vacating or Reversing the Arbitrator's Order Denying Licht's Claim Against Morgan Stanley and Assessing $2,700.00 of Forum Fees Against Licht Issued on February 4, 2008."  (Dkt. # 23)

## II.     Discussion

Defendant Morgan Stanley moves to strike the second amended petition on the grounds that the petition failed to comply with the Federal Rules of Civil Procedure, the Local Rules of Practice, and the Court's orders. (Dkt.#25) Morgan Stanley also argues that because Dr. Licht was not a party to the arbitration action, he does not have standing to challenge it. (Dkt.#25 at 4) Finally, Morgan Stanley points out that Dr. Licht cannot represent See More Light Investments because he is *pro se* and "has no authority to appear as an attorney for others than himself," citing *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986). (Dkt.#25 at 5)

In his response, Dr. Licht admits that he is "an engineer[,] not a lawyer" and argues that since he represented See More Light Investments during the arbitration proceeding, he, as an individual, should be considered to have been a party to that action. (Dkt.#26 at 5-8) He further explains he has no intention of hiring a lawyer to represent See More Light Investments because the "risk to reward ratio" makes it financially imprudent to do so. (Dkt.#26 at 10) Finally, he argues that even if unincorporated associations must be represented by an attorney, partnerships need not be, though he does not cite a case for this proposition. (Dkt. #26 at 9)

The Federal Arbitration Act authorizes parties to an arbitration to apply to vacate the arbitration at the district court. 9 U.S.C. 10(a) ("In any of the following cases the United States court in and for the district where the award was made may make an order vacating the award upon the application of any *party* to the litigation.") (emphasis added). As a non-party to the underlying arbitration, Dr. Licht lacks standing to challenge it. *See Dundas Shipping & Trading Co., Ltd. v. Stravelakis Bros., Ltd.*, 508 F. Supp. 1000, 1003 (S.D.N.Y. 1981) ("Since Buck was not a party to the arbitration, it has no standing to move to vacate the award."); 3 Fed. Proc. § 4:134 (2008) ("One who is not a party to the arbitration has no standing to challenge an award."). Moreover, the fact that Dr. Licht owns a portion of See More Light Investments is not sufficient to create standing because he was not a party to the underlying arbitration. *See also Morrison-Knudsen Co. v. CHG International, Inc.*, 811 F.2d

1209, 1214 (9th Cir. 1987) ("An indirect financial stake in another party's claim is insufficient to create standing on appeal.")  Thus, Dr. Licht's motion to amend the case caption to include Dr. Seymour Licht in a personal capacity as a co-plaintiff (Dkt.#15) is denied on the grounds that such an amendment would be futile. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.1987) (no abuse of discretion to deny leave to amend where the amendment would be futile).

Moreover, it is a longstanding rule that a corporations and other entities must appear in court through an attorney. *Boydston v. Strole Development Co.*, 193 Ariz. 47, 49, 969 P.2d 653, 655 (1998) ("[A] corporation cannot appear in court without a lawyer.").  An individual who appears *pro se* has no authority to appear on behalf of any other person or entity.  This rule has been applied to partnerships, and to Dr. Licht himself, by the Ninth Circuit. *In re America West Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) (explaining that a partnership may not be represented in court by non-attorney partner and affirming the bankruptcy court's order "barring Licht, a non-attorney, from representing See More Light Investments").[1]  As the Ninth Circuit held in 1994, Dr. Licht cannot represent See More Light Investments, a partnership, because he is not a licensed attorney.  (Dkt.#23 at 8)

Moreover, given that Dr. Licht admits that he has no intention of retaining a lawyer to represent See More Light Investments despite the fact that he was warned that he may not represent the partnership by Magistrate Judge Anderson, by Defendant, and by this Court, the second amended complaint is dismissed without prejudice pursuant to Rule 41(b).  Nothing in this order should be construed as preventing See More Light Investments from filing suit against Morgan Stanley to challenge the arbitration award if See More Light Investments were to obtain proper representation by a licensed attorney.

---

[1] If Dr. Licht were a licensed attorney and failed to report controlling adverse authority of the same nature as that at issue here, he would likely be subject to sanctions. *See* ABA Model Rule of Professional Conduct 3.3(a) (2008) ("A lawyer shall not knowingly: ... (3) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel.").

- 4 -

Because Dr. Licht may not represent See More Light Investments before this Court, the Court need not reach the merits of his petition to vacate the arbitration award on the grounds that the arbitrator was prejudiced and biased. (Dkts. # 34, 35)

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's motion to amend the case caption (Dkt.#15).

**IT IS FURTHER ORDERED** granting Defendant's motion to strike the second amended complaint (Dkt.# 25).

**IT IS FURTHER ORDERED** dismissing this case without prejudice pursuant to Rule 41(b).

**JUDGMENT ENTERED ACCORDINGLY.**

DATED this 19th day of November, 2008.

_____
Mary H. Murguia
United States District Judge