**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| See More Light Investments, | No. CV 08-0580-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Morgan Stanley DW Inc., | |
| Defendant. | |

Pursuant to 9 U.S.C. § 10 of the Federal Arbitration Act, Plaintiff See More Light Investments moves to have this Court vacate the arbitration award of February 4, 2008, which denied the claims made by Plaintiff against Defendant Morgan Stanley DW in proceedings before the Financial Industry Regulatory Authority ("FINRA"). (Dkt. #49). Defendant, in response, moves for an order confirming the arbitration award. (Dkt. #48). Plaintiff has also filed a motion to have this Court decide the case. (Dkts. #54, 55).[1]

---

[1] The Parties' motions are out of order, mislabeled, and confusing. Plaintiff's motion to vacate the arbitration award is entitled "Amended Complaint," in violation of Federal Rule of Civil Procedure 7(b), which requires a request for a court order to be made by motion. Defendant's response was, for some reason, submitted to this Court the same day as Plaintiff's "Amended Complaint." To make matters more complicated, Plaintiff's reply is also labeled "Motion to Overturn Arbitration Award," thereby creating a second motion to vacate the arbitration award. To that second motion Defendant submitted a response and Plaintiff, in turn, submitted a reply. For purposes of this Order, this Court will proceed to

## I. BACKGROUND

In April 1995, Plaintiff See More Light Investments, a general partnership, purchased fifty-five Republic of Cuba 4.5% Bearer Bonds from Defendant Morgan Stanley DW Inc., located in California,[2] for the price of approximately $23,250.[3] (Dkt. #48, 49). As it turned out, these bonds were distressed–the Republic of Cuba had defaulted on them after the Communist Revolution of 1959–and they were taken off the market following Plaintiff's purchase.[4] (Dkt. #48, Ex. 2).

In 2006, Plaintiff commenced arbitration before the Financial Industry Regulatory Authority[5] against Defendant and alleged the following: failure to deliver the bonds; breach of fiduciary duty, violation of Title 31 Part 515 of U.S. Code of Federal Regulation; intentional misrepresentation; and negligence. (Dkt. #48, Ex. 5). Plaintiff requested the following relief: rescission of the sale of the bonds, compensatory damages, punitive damages, and interest at an annual rate of 10%. (Id.). After a two-day evidentiary hearing in February 2008, the arbitration panel denied all of Plaintiff's claims. (Dkt. #48, Ex. 5). Plaintiff filed a timely appeal to vacate the award; Defendant countered with a motion to confirm the award.

---

resolve the issues despite the tangled web of motions and treat them as properly filed. However, the Parties are admonished that similar conduct in the future may result in sanctions.

[2]The transaction apparently took place at Defendant's offices in California.

[3]The exact amount Plaintiff paid is unclear. Defendant has asserted a purchase price of $22,930, (Dkt. #48, Ex. 2), whereas the arbitration panel's award document states an amount of $23,250. (Dkt. #48, Ex. 5). Because this Court is charged with reviewing the arbitration panel's decision, which adopted the $23,250 amount without indicating it was in dispute, this Court will adopt that figure.

[4]It is not clear why the bonds remained on the market for over thirty years after default or whether Defendant knew about the default, and Parties have not provided an explanation or an answer to these questions. However, as this Order illustrates, it is unnecessary to reach a conclusion about the matter.

[5]The hearing took place in Phoenix, Arizona. (Dkt. #48, Ex. 5).

Plaintiff alleges the following grounds for vacating the award: the chair of the arbitration panel exhibited partiality, misconduct, undue means, and misbehavior because he lacked experience as an arbitrator and because Plaintiff objected to his inexperience; the same arbitrator exhibited partiality and misconduct in refusing to postpone a hearing; the arbitration panel allowed two witnesses to testify telephonically, instead of in person, thereby prejudicing Plaintiff; the chair of the arbitration panel acted with partiality against Plaintiff and "introduced criteria of misconduct, undue means and misbehavior" and "exceeded his powers" by denying Plaintiff's requests for document production by Defendant; and the arbitration panel exceeded their powers by manifestly disregarding the law by ignoring the fact that Defendant violated the law in purchasing and retaining the Cuban bonds. (Dkt. #49).

**II.  STANDARD OF REVIEW**

The Federal Arbitration Act, 9 U.S.C. §§ 1–16, authorizes a district court to vacate an arbitration award under any of the following circumstances: (1) the award was procured by fraud, corruption, or undue means; (2) there was evidence of partiality or corruption on the part of the arbitrators; (3) the arbitrators were guilty of misconduct in refusing to postpone the hearing or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior prejudicing the rights of a party; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. Plaintiff urges this Court to vacate the arbitration award on all of the available statutory grounds. (Dkt. #49). This Court will first take up Plaintiff's claim that the arbitrators exceeded their powers by manifestly disregarding the law.

**III.  WHETHER ARBITRATORS EXCEEDED THEIR POWERS**

Plaintiff alleges that the "arbitrators by their award ratified a transaction that federal law declares is null and void" and that, by doing so, the arbitrators acted in "manifest disregard of that law." (Dkt. #50). Plaintiff seeks a recision of the transaction and requests a return of the money it paid for the bonds. (Id.).

The Ninth Circuit has held that arbitrators exceed their powers, "'not when they merely interpret or apply the governing law incorrectly, but when the award is completely

irrational, or exhibits a manifest disregard of law.'" Schoenduve Corp. v. Lucent Techs., Inc. 442 F.3d 727, 731 (9th Cir. 2006) (quoting Kyocera Corp. v. Prudential-Bache T Servs., 341 F.3d 987, 997 (9th Cir. 2003)). A manifest disregard of the law means "more than just an error in the law or a failure on the part of the arbitrators to understand or apply the law. It must be clear from the record that the arbitrators recognized the applicable law and then ignored it." Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co., 44 F.3d 826, 832 (9th Cir. 1995) (internal citations omitted). Moreover, the law "alleged to have been ignored by the arbitrators must be well defined, explicit, and clearly applicable." Carter v. Health Net of Cal., Inc., 374 F.3d 830, 838 (9th Cir. 2004) (internal citations and quotations omitted).

In sum, the Ninth Circuit spells out two requirements that must be met before a finding is made that the arbitrators exceeded their powers: (1) the law alleged to have been ignored is well defined, explicit, and clearly applicable; and (2) the arbitrators recognized the applicable law and then ignored it.

The federal law Plaintiff alleges the arbitrators ignored is the Cuban Assets Control Regulations ("Regulations"), 31 C.F.R. §§ 515.101 et seq. (2009). That law prohibits transactions involving property in which Cuba "has at any time . . . had any interest of any nature whatsoever, direct or indirect." Id. § 515.201(a), (d). A transaction is defined under the Regulations as "(a) [a]ny payment or transfer to such designated foreign country or national thereof, (b) any export or withdrawal from the United States to such designated foreign country, and (c) any transfer of credit, or payment of an obligation, expressed in terms of the currency of such designated foreign country." Id. § 515.309. The following transactions are specifically prohibited under the terms of the Regulations: "[a]ll dealings in, including, without limitation, transfers, withdrawals, or exportations of, any property or evidences of indebtedness or evidences of ownership of property by any person[6] subject to the jurisdiction of the United States." Id. § 515.201(b)(1). The Regulations further declare

---

[6]"The term person means an individual, partnership, association, corporation, or other organization." 31 C.F.R. § 515.308 (2009).

- 4 -

1  that "[a]ny transfer . . . which is in violation of any provision of this part or of any regulation, ruling, instruction, license, or other direction or authorization thereunder and involves any property in which a designated national has or has had an interest . . . is null and void and shall not be the basis for the assertion or recognition of any interest in or right, remedy, power or privilege with respect to such property." Id. § 515.203(a). As the sale of Cuban bonds unquestionably constitutes a transaction as defined by the Regulations, there is no doubt that the transaction between Plaintiff and Defendant is prohibited and null and void. The Regulations are well defined, explicit, and clearly applicable, in accord with the Ninth Circuit's requirement in Carter, 374 F.3d at 838.

The next question is whether the arbitrators recognized this law and then ignored it. This Court has before it an eight-page document entitled "Award: FINRA Dispute Resolution." (Dkt. #48, Ex. 5). That document includes the names of the Parties, an outline of the procedural history, a case summary, which includes the claims alleged by Plaintiff, the relief requested, other issues considered and decided, the award, and the fees associated with arbitration. (Id.). On page two of the document, the arbitrators note that "Claimant alleged . . . violation of Title 31 Part 515 of U.S. Code of Federal Regulation." (Id.). That indicates to this Court that the arbitrators recognized the relevant law, namely the Cuban Assets Control Regulations.

In this eight-page document, the arbitrators make no other reference to the Cuban Assets Control Regulations, and there is nothing showing what, if any, findings of fact or conclusions of law the arbitrators made. The only indication that the arbitrators engaged in an analysis of the facts and relevant law is one sentence under the section entitled "Award": "After considering the pleadings, testimony, and evidence presented at the hearing, the Panel decided in full and final resolution of the issues submitted for determination." (Id.).[7] In light of the arbitration panel's summary decision, this Court can reach no other conclusion than

---

[7] The parties do not argue, nor does this Court assume, that the arbitration panel is required to document its factual and legal findings. Instead, this Court takes the arbitration panel's award document at face value.

that the arbitrators, after recognizing the relevant law, ignored it.[8] As such, this Court finds the arbitrators exhibited a manifest disregard of the law and exceeded their powers under the Federal Arbitration Act. This finding renders Plaintiff's remaining claims moot.

**IV.    DAMAGES**

As a consequence of the Cuban Assets Control Regulations, the sale of bonds is unenforceable on grounds of public policy. RESTATEMENT (SECOND) OF CONTRACTS § 178 (1981) ("A promise or other term of an agreement is unenforceable on grounds of public policy if legislation provides that it is unenforceable."); accord Newton v. Rumery, 480 U.S. 386, 392 (1987); see also Evans v. Jeff D., 475 U.S. 717, 759 (1986) (noting that "the principle that an agreement which is contrary to public policy is void and unenforceable" is well-established).

As indicated above, Plaintiff requested at the arbitration hearing a rescission of the sale of the Cuban bonds and a return of the money it paid to Defendant in consideration for the bonds plus interest. (Dkt. #48, Ex. 5). "[I]f a person transfers things to another in the belief that he has a valid contract with him, he is entitled to restitution if there is no contract." RESTATEMENT OF RESTITUTION § 47 cmt. b (1937); accord Oubre v. Entergy Operations, 522 U.S. 422, 433 (1998). See also RESTATEMENT OF RESTITUTION § 1 ("A person who has been unjustly enriched at the expense of another is required to make restitution to the other."); accord Mont. v. Crow Tribe of Indians, 523 U.S. 696, 721 (1998). Because the sale of the bonds is a voided contract and has no legal effect, and because Plaintiff paid Defendant in consideration for the bonds, Plaintiff is entitled to recover the money it paid Defendant. That amount is $23,250. (Dkt. #48, Ex.5).

Furthermore, because Defendant enjoyed the benefit of those funds since the time of purchase in 1995, fourteen years ago, Plaintiff is also entitled to recover interest on the principal. RESTATEMENT (SECOND) OF CONTRACTS § 354. ("[i]nterest may be allowed as

---

[8] Evidence that the arbitration panel thoroughly analyzed the law would only substantiate the conclusion that the arbitrators ignored the law.

1  justice requires on the amount that would have been just compensation had it been paid when
2  performance was due."). The legal interest rate is fixed by statute and is payable without
3  compounding. Id. at cmt. a. As the transaction took place in California, the applicable legal
4  interest rate is ten percent per year. CAL. CIV. CODE § 3289(b) (2009).[9] A simple ten percent
5  annual interest over the course of fourteen years on the principal amount of $23,250 is
6  $32,550.[10]

**Accordingly,**

**IT IS HEREBY ORDERED** granting Plaintiff's motion to vacate arbitration award. (Dkt. # 49, 51).

**IT IS FURTHER ORDERED** denying Defendant's motion to confirm arbitration award. (Dkt. # 48).

**IT IS FURTHER ORDERED** directing Defendant to pay Plaintiff restitution in the amount of $23,250 and interest in the amount of $32,550.

**IT IS FURTHER ORDERED** denying as moot Plaintiff's motion to decide the case. (Dkt. #55).

**IT IS FURTHER ORDERED** denying as moot Defendant's motion to strike Plaintiff's motion to decide the case. (Dkt.#56)

///

---

[9] Although this Court finds that California law applies, even if Arizona law were to apply, the same result would obtain, as the legal interest rate in Arizona is also ten percent. A.R.S. § 44-1201 (2008).

[10] Plaintiff requests attorney's fees and costs. This Court will not entertain such requests until properly submitted in accordance with Federal Rule of Civil Procedure 54(d)(2) and Local Rule 54.2.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to enter judgment accordingly.

DATED this 29th day of July, 2009.

_____
Mary H. Murguia
United States District Judge