**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| See More Light Investments, | ) | No. CV 08-0580-PHX-MHM (MHB) |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Morgan Stanley DW Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Currently before the Court is Plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses (Dkt. # 61), Plaintiff's Motion to Compel (Dkt. # 71), and Plaintiff's Withdrawal of its Motion to Compel (Dkt. # 74).

Plaintiff filed a motion for award of attorneys' fees and related non-taxable expenses on August 17, 2009. (Dkt. # 60.) Plaintiff filed an amended motion on August 18, 2009. (Dkt. # 61.) On September 2, 2009, Defendant filed a Response *prior* to Plaintiff's filing of memorandum in support. (Dkt. # 63.) Plaintiff timely filed its memorandum in support on September 22, 2009. (Dkt. # 68.) Defendant filed an *additional* Response (Dkt. # 70), and Plaintiff timely filed a Reply (Dkt. # 73). Plaintiff filed a Motion to Compel (Dkt. # 71), and subsequently filed Withdrawal of its Motion to Compel (Dkt. # 74). After reviewing the pleadings, and finding oral argument to be unnecessary, the Court issues the following Order.

/ / /

## I. BACKGROUND

In April 1995, Plaintiff See More Light Investments, a general partnership, purchased fifty-five Republic of Cuba 4.5% Bearer Bonds from Defendant Morgan Stanley DW Inc., located in California, for the price of approximately $23,250. (Dkt. # 48, 49.) Defendant requested, for reasons unspecified, that Plaintiff close its investment accounts in 2006. (Dkt. # 63.) Defendant subsequently failed to deliver the bonds to Plaintiff.

After Defendant failed to deliver the bonds, Plaintiff commenced arbitration before the Financial Industry Regulatory Authority against Defendant and alleged the following: failure to deliver the bonds; breach of fiduciary duty; violation of Title 31 Part 515 of U.S. Code of Federal Regulation; intentional misrepresentation; and negligence. (Dkt. # 48, Exh. 5.) After a two-day evidentiary hearing in February 2008, the arbitration panel denied all of Plaintiff's claims. (Dkt. # 48, Exh. 5.) Plaintiff filed a timely appeal to vacate the arbitration decision; Defendant countered with a motion to confirm the decision.

This Court found that the sale of the Cuban bonds constituted a transaction as defined by the Cuban Assets Control Regulations, 31 C.F.R. §§ 515.101 et seq. (2009), and therefore, was prohibited and null and void. (Dkt. # 58.) This Court vacated the arbitration decision because it found that the arbitrators exhibited a manifest disregard of the law and exceeded their powers under the Federal Arbitration Act. (Dkt. # 58.) This Court then awarded Plaintiff restitution of $23,250, the amount paid for the bonds, and interest in the amount of $32,550. (Dkt. # 58.)

## II. DISCUSSION

**A. Attorneys' Fees**

In federal court, the longstanding rule is that "absent [a] statute or enforceable contract, litigants pay their own attorneys' fees." Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 257 (1975). Neither the Cuban Assets Control Regulations ("Regulations"), 31 C.F.R. §§ 515.101 et seq. (2009), nor the Federal

1  Arbitration Act, 9 U.S.C. §§ 1 et seq. (2006), contain an attorneys' fee provision. Plaintiff
2  argues that it is entitled to attorneys' fees under Arizona's attorneys' fee statute.

3  However, even assuming without deciding that Arizona law applies, Plaintiff would
4  not be entitled to attorneys' fees. Arizona's attorneys' fee statute allows the court to
5  award reasonable attorneys' fees to the successful party "in any contested action *arising*
6  *out of a contract*, express or implied." A.R.S. § 12-341.01(A) (2001) (emphasis added).
7  An action is one "arising out of a contract" if a contract was the main factor causing the
8  dispute. Lewin v. Miller Wagner & Co., 725 P.2d 736, 744 (Ariz. Ct. App. 1986). The
9  fee statute does not apply "if the contract is a factual predicate to the action but not the
10 essential basis of it." Hanley v. Pearson, 61 P.3d 29, 33 (Ariz. Ct. App. 2003). Moreover,
11 when an action is "based on a statute rather than a contract, the peripheral involvement of
12 a contract does not support the application of the fee statute." O'Keefe v. Grenke, 825
13 P.2d 985, 997-98 (Ariz. Ct. App. 1992).

14 Plaintiff argues that Arizona's attorneys' fee statute allows the Court to award
15 attorneys' fees because the action is one "arising out of a contract." (Dkt. # 68.) Plaintiff
16 contends that the action is one "arising out of a contract" because if a contract did not
17 exist, "there would have been nothing for the federal regulation to nullify." (Dkt. # 68 at
18 7.)

19 The Court is not persuaded that Plaintiff's action is one "arising out of a contract."
20 Plaintiff did not argue for interpretation of any contract. Plaintiff did not cite to a contract
21 until it sought attorneys' fees. Instead, Plaintiff successfully argued that Defendant
22 violated the Regulations when it engaged in the transfer of Cuban bonds. Plaintiff
23 prevailed based on the Regulations. Plaintiff could have brought its claim under the
24 Regulations even without alleging a breach of contract, and therefore, there was no "causal
25 link" to a contract. See O'Keefe, 825 P.2d 985 at 997 (statutory claim under Bulk Sales
26 Act did not arise out of contract because there was no "causal link" to a contract where
27 breach of contract was unnecessary to bring claim). Plaintiff's argument relied on the

- 3 -

Regulations to render the transfer void, and therefore, Plaintiff's claim arose out of the Regulations, not out of a contract.

Plaintiff cites Hanley v. Pearson, 61 P.3d 29 (Ariz. Ct. App. 2003), to support its argument that its action is one "arising out of a contract." In Hanley, the court defines "arising out of a contract" as a claim that would not exist "but for" a contract. Hanley, 61 P.3d at 33. However, the court qualified this "but for" test when it noted that "[t]he fee statute does not apply to purely statutory causes of action. Nor does the fee statute apply if the contract is a factual predicate to the action but not the essential basis of it." Id. Plaintiff has not shown the Court that a contract was the "essential basis" of the action. Instead, any contract was merely a "factual predicate" to the action. The Regulations, which rendered the transfer void, were the "essential basis" of the action.

Plaintiff also argues that the fee statute applies because "the remedy of rescission must arise out of a contract; it can have no other basis in law." (Dkt. # 68 at 10.) However, this Court found the promises between the parties to be without legal effect based on the *Regulations*.[1] (Dkt. # 58.) The Court then provided restitution to Plaintiff based on the unjust enrichment theory, not a contract theory. (Dkt. # 58.) Therefore, the Court is not persuaded that its ordering of restitution supports the argument that the action arose out of a contract.

Plaintiff also cites Marcus v. Fox, 723 P.2d 682 (Ariz. 1986), to argue that its action for rescission is one "arising out of a contract." In Marcus, the moving party sought attorneys' fees after the court found a contract void based on fraudulent inducement. Marcus, 723 P.2d at 684. The court held that the action to invalidate the contract based on fraudulent inducement was one "arising out of a contract." Id. at 685. However, the court

---

[1] In its Order, the Court stated that "the sale of the bonds is a *voided contract*." (Dkt. # 58) (emphasis added). A void contract "is not a contract at all." RESTATEMENT (SECOND) OF CONTRACTS § 7 cmt. a (1981). The Court was using the term contract "to refer to the acts of the parties without regard to their legal effect." Id.

1 | noted that if the claim had been based on general fraud, and not fraud in the inducement of
2 | a contract, the result may have been different. Id. at 685 n.1. In the instant case, the
3 | promises between the parties were found "null and void" based on the *Regulations*. See
4 | 31 C.F.R. §§ 515.203(a). The plaintiff did not prevail based on fraud in the inducement of
5 | a contract, or *any other contract theory*. Plaintiff prevailed based on the Regulations, and
6 | therefore, the action arose out of the Regulations, and not out of a contract.

Accordingly, the Court finds that even if Arizona's attorneys' fee statute applied, it does not provide for the award of attorneys' fees because the action is not one "arising out of a contract."

**B. Non-Taxable Expenses**

Plaintiff also requests non-taxable expenses in the amount of $1,125. (Dkt. # 68, Exh. 4.) Final judgment was entered on August 4, 2009 (Dkt. # 58), and Plaintiff filed a statement of costs and expenses on September 22, 2009 (Dkt. # 68, Exh. 4). The Court construes this request as one for award of costs. However, the arbitration filing fee of $775 is not a taxable cost. LRCiv. 54.1(e). Plaintiff also failed to file the required bill of costs within ten days after the entry of final judgment. LRCiv. 54.1(a). Accordingly, the Court finds that Plaintiff is not entitled to award of any costs.

**C. Motion to Compel**

Plaintiff requested that the Court compel Defendant to return discovery documents to Plaintiff. (Dkt. # 71.) However, Plaintiff subsequently filed a Withdrawal of its Motion to Compel, rendering the Motion to Compel moot. (Dkt. # 74.) The Court will grant Plaintiff's withdrawal and deny the Motion to Compel as moot.

**III. CONCLUSION**

The Court finds that Plaintiff is not entitled to attorneys' fees because the Regulations and Federal Arbitration Act do not contemplate them, and the action does not satisfy the Arizona statute's "arising out of a contract" requirement. The Court also finds Plaintiff is

not entitled to an award of costs because Plaintiff failed to comply with the Local Rules of Civil Procedure.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Award of Attorneys' Fees and Related Non-Taxable Expenses Under FRCP 54 and Local Rule 54.2. (Dkt. # 60, 61.)

**IT IS FURTHER ORDERED** granting Plaintiff's Withdrawal of its Motion to Compel. (Dkt. # 74.)

**IT IS FURTHER ORDERED** denying Plaintiff's Motion to Compel as moot. (Dkt. # 71.)

DATED this 17th day of November, 2009.

_____
Mary H. Murguia
United States District Judge